1 Michele R. Stafford, Esq. (SBN 172509)
Shivani Nanda, Esq. (SBN 253891)
2 SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
3 San Francisco, CA 94104
(415) 882-7900
4 (415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
5 snanda@sjlawcorp.com

6 Attorneys for Plaintiffs

7

8 UNITED STATES DISTRICT COURT

9 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LEVY DRYWALL, INC., a California corporation, and JOE WILLIE LEVY *aka* JOE WILLIE LEAVY, an individual, <br><br> Defendants. | Case No.: C15-0485 WHA <br><br> **NOTICE OF ACKNOWLEDGMENT; and JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto, that Judgment shall be entered in the within action in favor of Plaintiffs District Council 16 Northern California Trust Fund, et al. ("Plaintiffs" or "Trust Funds") and against Defendant Levy Drywall, Inc., a California corporation and Defendant Joe Willie Levy *aka* Joe Willie Leavy, an individual (collectively "Defendants"), and/or alter egos and/or successor entities, as follows:

1. Defendants are signatory to and bound by the terms of the Northern California Drywall Finishers Master Agreement between District Council No. 16 of the International Union of Painters and Allied Trades ("Union") and the Wall And Ceiling Alliance ("Bargaining Agreement"). The Bargaining Agreement is still in full force and effect. Individual Defendant Joe

Willie Levy *aka* Joe Willie Leavy executed the Agreement of Employers Regarding Bay Area Painters and Tapers Trust Funds on behalf of Defendant Levy Drywall, Inc., which provides that the person signing on behalf of employer is personally and individually liable for the employer's contributions as required by Bargaining Agreement.

2. Defendant Joe Willie Levy *aka* Joe Willie Leavy, in his capacity as RMO of Defendant Leavy Drywall, Inc., hereby acknowledges that he is authorized to receive service on behalf of Defendant and has received the following documents in this action: Complaint (Dkt. #1); Civil Cover Sheet (Dkt. #1-1); Proposed Summons (Dkt. #2); Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16 (Dkt. #3); Notice of Case Assignment (Dkt. #4); Order Setting Initial Case Management Conference and ADR Deadlines; Standing Orders for Magistrate Judge Elizabeth D. Laporte (Dkt. #5; 5-1); Summons (Dkt. #6); Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge (Dkt. #7); ECF Registration Information; Filing Procedures (San Francisco); Notice of Assignment of Case to a United States Magistrate Judge for Trial; Consent to Proceed Before A United States Magistrate Judge (Blank Form); Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge (Blank Form); Standing Order for All Judge of the Northern District of California, Contents of Joint Case Management Statement; ADR Dispute Resolution Procedures; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and Proposed Order Selecting ADR Process (Blank Form); Notice of Need for ADR Phone Conference (Blank Form); ADR Certification by Parties and Counsel (Blank Form); Notice of Impending Reassignment (Dkt. #8); Order Reassigning Case (Dkt. #9). Defendant Joe Willie Levy *aka* Joe Willie Leavy confirms that he is authorized to enter into this Stipulation on behalf of Defendant.

3. Sarah Levy ("Guarantor") confirms that she is personally guaranteeing the amounts due pursuant to the terms of this Stipulation. Defendants/Guarantor specifically consent to the Court's jurisdiction, as well as the use of a Magistrate Judge for all proceedings, including entry of judgment herein. Defendants/Guarantor further confirm that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any

companies with which Defendants join or merge, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Defendants/Guarantor is an officer, owner or possesses any controlling ownership interest. All such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings herein, and all other terms herein, in writing, at the time of any assignment, affiliation or purchase.

4. Defendants have become indebted to the Trust Funds as follows:

| | | | |
|---|---|---|---|
| Audit (6/11-6/14) | Contribution Underpayments: | $5,637.39 | |
| | Liquidated Damages (20% of Contrib. Underpayments: | $1,127.48 | |
| | Interest (5% per annum, through 2/2/15): | $864.99 | |
| | Improper Payments credit: | (-$196.12) | |
| | | Subtotal: | $7,433.74 |
| Attorneys' fees (6/13/15 through 2/3/15): | | | $2,006.50 |
| Complaint filing fee: | | | $400.00 |
| **TOTAL JUDGMENT:** | | | **$9,840.24** |

5. Defendants/Guarantor shall *conditionally* pay the amount of **$8,712.76,** representing all of the above amounts, less liquidated damages in the amount of **$1,127.48**. *This conditional waiver is expressly conditioned upon Trustee approval following timely compliance with all of the terms of this Stipulation,* as follows:

(a) Beginning on January 30, 2015, and on or before the <u>last business day of each month</u> thereafter for a period of **twelve (12) months**, through and including December 31, 2015, Defendants/Guarantor shall pay to Plaintiffs the amount of **$750.00 per month**; Plaintiffs acknowledge receipt of Defendants' check numbered 0056 in the amount of $1,000.00 on or about February 2, 2015, and will credit that payment to the above-described total due, upon bank clearance. Said payment shall be applied as the first monthly payment due under this Stipulation. Therefore, **the next monthly payment of $750.00 shall be due on or before February 27, 2015.**

(b) Payments may be made by joint check, to be endorsed by Defendant(s) prior to submission. Payments made by joint check may be applied toward Defendants' monthly stipulated payment provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint check payments in which a release is requested may not be applied toward Defendants' monthly stipulated payment, but shall be deducted from the total balanced owed under

1  this Stipulation provided the payment is for contributions included in this Stipulation;

2        (c)  Defendants/Guarantor shall have the right to increase the monthly payments
3  at any time and there is no penalty for prepayment;

4        (d)  Payments shall be applied first to unpaid interest and then to unpaid
5  principal. The unpaid principal balance shall bear interest from February 3, 2015, at the rate of 5%
6  per annum in accordance with the Bargaining Agreement and Plaintiffs' Trust Agreements;

7        (e)  Checks shall be made payable to the *District Council 16 Northern California*
8  *Trust Funds*, and delivered on or before each due date to Michele R. Stafford, Esq. at Saltzman &
9  Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or
10 to such other address as may be specified by Plaintiffs;

11       (f)  Plaintiffs may require that Defendants pay electronically by wire transfer;

12       (g)  At the time that Defendants/Guarantor makes the twelfth (12th) stipulated
13 payment, Defendants/Guarantor may submit a written request for waiver of their liquidated
14 damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with
15 their twelfth (12th) payment. Such waiver will not be considered until and unless all other amounts
16 are paid in full and Defendants' account is otherwise current;

17       (h)  Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise
18 Defendants/Guarantor in writing, by first class mail and email to 2161sarah@gmail.com, as to the
19 final amount due, including additional interest and all additional attorneys' fees and costs incurred
20 by Plaintiffs in connection with the collection and allocation of the amounts owed to Plaintiffs
21 under this Stipulation. Defendants/Guarantor shall pay all additional interest, attorneys' fees and
22 costs regardless of whether or not Defendants default herein. Any additional amounts due pursuant
23 to the provisions hereunder shall also be paid in full with the final stipulated payment due on
24 December 31, 2015; and

25       (i)  Failure to comply with any of the above terms shall constitute a default of the
26 obligations under this Stipulation and the provisions of ¶ 12 shall apply.

27     6.  In the event that any check is not timely submitted or fails to clear the bank, or is
28 unable to be negotiated for any reason for which Defendants/Guarantor is responsible, Defendants

1  shall be considered to be in default of the Judgment entered. If this occurs, Plaintiffs shall make a
2  written demand to Defendants/Guarantor, by first class mail and email to 2161sarah@gmail.com, to
3  cure said default *within seven (7) days of the date of the notice from Plaintiffs*. If caused by a
4  failed check, default will only be cured by the issuance of either a replacement *cashier's check*,
5  delivered to Saltzman and Johnson Law Corporation, or by transmission of funds electronically, by
6  wire transfer, to an account specified by Plaintiffs, to be received within the seven (7) day cure
7  period. If Defendants/Guarantor elect to cure said default, and Plaintiffs elect to accept future
8  payments, *all such future payments shall be made by either cashier's check or electronically, by
9  wire transfer* at Plaintiffs' request. In the event default is not cured, all amounts remaining due
10 hereunder shall be due and payable on demand by Plaintiffs.

11       7.      Beginning with contributions due for hours worked by Defendants' employees
12 during the month of January 2015, and for every month thereafter until this Judgment is satisfied,
13 **Defendant shall remain current in reporting and payment of contributions** due to Plaintiffs
14 under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining
15 Agreements, if any, and the Declarations of Trust as amended. The Collective Bargaining
16 Agreement and Trust Agreements provide that all benefit contributions are due on or before the
17 fifteenth (15th) day of the month following the month in which hours were worked and are
18 delinquent if not received by the last business day of that month.

19       8.      Until this judgment is satisfied, Defendants shall **submit all monthly contribution**
20 **reports and payments directly to Saltzman and Johnson Law Corporation.** The reports and
21 payments shall be delivered to Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation,
22 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as
23 may be specified by Plaintiffs, by the last business day of each month. Defendants may submit their
24 monthly contribution reports by email to compliance@sjlawcorp.com, or to such other email
25 address as may be specified by Plaintiffs, by the last business day of each month. All such emails
26 must include Defendant Levy Drywall, Inc.'s name in the subject line.

27       Defendants shall send copies of their contribution reports and payments to the Trust Funds.
28 Plaintiffs may require that Defendants pay contributions electronically by wire transfer. Failure by

Defendants to timely submit current contribution reports and payments, or a report of "no employees" if applicable, shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 12 shall apply.

9. Beginning with the month of February 2015, and for every month thereafter, **Defendants shall fully disclose all jobs on which they are working by providing Plaintiffs with fully completed job reports** on the form attached hereto as Exhibit A. Upon request by Plaintiffs, Defendants shall also provide Plaintiffs with copies of Certified Payroll Reports for any and all Public Works jobs, or any other job for which Certified Payroll Reports are required. Defendants' updated monthly job reports and Certified Payroll Reports (if requested) shall be delivered to Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, by the last business day of each month. Defendants may alternatively submit its monthly job reports by email to compliance@sjlawcorp.com, or to such other email address as may be specified by Plaintiffs, by the last business day of each month. All such emails must include Defendant Levy Drywall, Inc.'s name in the subject line.

10. This requirement remains in full force and effect regardless of whether or not Defendants have ongoing work, whether Defendants' account with the Trust Funds is active, or whether Defendants are signatory to a Collective Bargaining Agreement with the Union. If, for any reason, Defendants have no work to report during a given month, Defendants shall submit the job report form (Exhibit A) indicating that there are no current jobs. **Defendants' first job report (regarding February 2015 jobs) is due on or before February 27, 2015.**

Failure by Defendants to timely submit fully completed monthly job reports and Certified Payroll Reports (if requested and applicable) as described above shall constitute a default of the obligations under this Stipulation and the terms of ¶ 12 shall apply.

11. **Audit:** Should the Trust Funds request a further audit of Defendants' payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreements, any failure by Defendants to comply with said request shall constitute a default of the obligations under this Agreement, which Defendants shall have ten (10) days to cure from receipt of

written notice from Plaintiffs.

(a) In the event that amounts are found due on audit, Plaintiffs shall send a written demand to Defendants by first class mail and email to 2161sarah@gmail.com, for payment in full of the amounts found due in the audit, including a full copy of the audit report and any findings, including contributions, liquidated damages, interest and audit fees owed.

(b) Defendants will be provided with ten (10) days in which to review the audit, and provide evidence to contest the findings. In the event that Defendants do not agree with the total found due, Plaintiffs shall provide any additional information or clarification requested by Defendants in writing within ten (10) days of the request therefor, or as soon as reasonably possible, and Defendants' time to respond to the audit report or comply with payment requirements shall then run from the time that Defendants receive Plaintiffs' response. Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Michele R. Stafford at the address provided above.

(c) If the audit is contested, and Defendants provide documentation in support of the dispute, Defendants shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due.

(d) If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of Defendants' receipt of the revised billing.

(e) If Defendants are unable to make payment in full, Defendants may submit a written request to revise this Stipulation, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit to this Stipulation, subject to the terms herein. If the Stipulation is so revised, Defendants shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a default of the terms herein.

(f) Failure by Defendants to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date due per the terms written above shall constitute a default of the obligations under this agreement. All amounts found due on audit shall

immediately become part of this Judgment.

12. Failure to comply with <u>any</u> of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 12 shall apply.

13. Any unpaid or late-paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on the contributions shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreements and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions and related amounts not included herein as may be determined by Plaintiffs to be due pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendants/Guarantor specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

14. In the event that Defendants/Guarantor fail to make any payment required herein, or otherwise default on any of their obligations as detailed in this Stipulation, and such default is not timely cured, the following will occur:

(a) The entire balance of **$9,840.24**, plus interest, but reduced by principal payments received from Defendants/Guarantor, in addition to any unpaid contributions then due plus 20% liquidated damages and 5% per annum interest on the unpaid or late-paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation;

(b) A Writ of Execution may be obtained against Defendants/Guarantor without further notice to Defendants/Guarantor, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth any payment theretofore made by or on behalf of Defendants and the balance due and owing as of the date of default;

(c) Defendants/Guarantor waive any notice of Entry of Judgment or of any Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the

balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendants/Guarantor; and

    (d) Defendants/Guarantor shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with the collection and allocation of the amounts owed by Defendants/Guarantor to Plaintiffs under this Stipulation, whether or not a default occurs herein.

15. Any failure on the part of Plaintiffs to take any action against Defendants/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by Defendants/Guarantor of any provisions herein.

16. The parties agree that any payments made pursuant to the terms of this Judgment shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendants/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise.

17. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

18. This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendants to Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants acknowledge that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants and all of their control group members, as provided by Plaintiffs' Plan Documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations.

19. This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

20. This Stipulation may be executed in any number of counterparts and by facsimile,

1  each of which shall be deemed an original and all of which shall constitute the same instrument.

2      21.    Defendants/Guarantor represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

    22.    The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: February 26, 2015      **LEVY DRYWALL, INC., a California corporation**

By:    /S/
Joe Willie Levy *aka* Joe Willie Leavy
RMO of Defendant Levy Drywall, Inc.

Dated: February 26, 2015      **JOE WILLIE LEVY *aka* JOE WILLIE LEAVY**

By:    /S/
Joe Willie Levy *aka* Joe Willie Leavy

Dated: February 26, 2015      **SARAH LEVY**

By:    /S/
Sarah Levy, individually, as Guarantor

Dated: February 27, 2015      **SALTZMAN AND JOHNSON LAW CORPORATION**

By:    /S/
Michele R. Stafford
Attorneys for Plaintiffs

Please see Dkt. No. 15, which approved this stipulation.
IT IS SO ORDERED.

~~IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.~~

Dated: April 9, 2015

IT IS SO ORDERED AS MODIFIED
Judge William Alsup
UNITED STATES DISTRICT COURT JUDGE

| | |
|---|---|
| | **EXHIBIT A** |
| | ***JOB REPORT FORM*** |

Updated Job Reports shall be delivered to Saltzman & Johnson Law Corporation at 44 Montgomery Street, Suite 2110, San Francisco, California 94104 or to compliance@sjlawcorp.com by the last business day of each month

Employer: LEVY DRYWALL, INC.

Report for the month of _____, 20__ Submitted by: _____

| | |
|---|---|
| **Project Name:** | **Public or Private?** (circle one) |
| **Project Address:** | |
| **General Contractor:** | |
| **General Contractor Address:** | |
| **General Contractor Telephone #:** | **Project Manager Name:** |
| **Project Manager Telephone #:** | **Project Manager email address:** |
| **Contract #:** | **Contract Date:** |
| **Total Contract Value:** | |
| **Work Start Date:** | **Work Completion Date:** |
| **Project Bond #:** | **Surety:** |

| | |
|---|---|
| **Project Name:** | **Public or Private?** (circle one) |
| **Project Address:** | |
| **General Contractor:** | |
| **General Contractor Address:** | |
| **General Contractor Telephone #:** | **Project Manager Name:** |
| **Project Manager Telephone #:** | **Project Manager email address:** |
| **Contract #:** | **Contract Date:** |
| **Total Contract Value:** | |
| **Work Start Date:** | **Work Completion Date:** |
| **Project Bond #:** | **Surety:** |

*** Attach additional sheets as necessary ***

-1-
Exhibit A to NOTICE OF ACKNOWLEDGMENT; and JUDGMENT PURSUANT TO STIPULATION
Case No.: C15-0485 WHA
P:\CLIENTS\PATCL\Levy Drywall 2\Pleadings\Notice of Ack and Judgment Pursuant to Stipulation [C15-0485 WHA] 021215.doc

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the County of San Francisco, State of California. I am over the age of eighteen and not a party to this action. My business address is 44 Montgomery Street, Suite 2110, San Francisco, California 94104.

On **February 12, 2015**, I served the following document(s) on the parties to this action in the manner described below:

**Complaint (Dkt. #1); Civil Cover Sheet (Dkt. #1-1); Proposed Summons (Dkt. #2); Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16 (Dkt. #3); Notice of Case Assignment (Dkt. #4); Order Setting Initial Case Management Conference and ADR Deadlines; Standing Orders for Magistrate Judge Elizabeth D. Laporte (Dkt. #5; 5-1); Summons (Dkt. #6); Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge (Dkt. #7); ECF Registration Information; Filing Procedures (San Francisco); Notice of Assignment of Case to a United States Magistrate Judge for Trial; Consent to Proceed Before A United States Magistrate Judge (Blank Form); Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge (Blank Form); Standing Order for All Judge of the Northern District of California, Contents of Joint Case Management Statement; ADR Dispute Resolution Procedures; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and Proposed Order Selecting ADR Process (Blank Form); Notice of Need for ADR Phone Conference (Blank Form); ADR Certification by Parties and Counsel (Blank Form); Notice of Impending Reassignment (Dkt. #8); Order Reassigning Case (Dkt. #9); and (Proposed) Notice of Acknowledgment; and Judgment Pursuant to Stipulation**

<u>XX</u>   **BY MAIL,** being familiar with the practice of this office for the collection and the processing of correspondence for mailing with the United States Postal Service, and deposited in the United States Mail copies of the same to the business addresses as specified below, in a sealed envelope fully prepared.

<u>XX</u>   **BY ELECTRONIC MAIL,** I caused copies of the documents to be sent to the email address specified below.

**Joe Willie Levy aka Leavy
Sarah Levy
Levy Drywall, Inc.
2309 Viggo Way
Santa Rosa, CA  94503
2161sarah@gmail.com**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 12th day of February 2015, at San Francisco, California.

/S/
_____
Elise Cotterill
Paralegal